## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

WON SOON CHOI,

    Plaintiff,

  v.

COSTCO WHOLESALE CORP., *et al.*

    Defendant.

Docket No.: 2:19-cv-17916-WJM-MF

**OPINION**

### WILLIAM J. MARTINI, U.S.D.J.:

  This matter comes before the Court on Plaintiff Won Soon Choi's ("Plaintiff" or "Choi") motion to reopen this case, and on Defendant Costco Wholesale Corp.'s ("Defendant" or "Costco") cross-motion to dismiss Plaintiff's complaint with prejudice. For the reasons set forth below, Plaintiff's motion is **GRANTED** and Defendant's cross-motion is **DENIED**.

### I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

  This case arises out of an alleged unspecified injury Plaintiff suffered on the premises of one of Defendant's stores in Teterboro, New Jersey on May 23, 2018. Compl. ¶ 1, 4, ECF No. 1. Plaintiff filed a two-count complaint (the "Complaint") on August 02, 2019 in the Superior Court of New Jersey. On September 12, 2019, Defendant properly removed this action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441. ECF No. 1.

  Plaintiff's attorney, Christina M. Coombe of Jae Lee Law P.C., however, was not a member of the Federal Bar of New Jersey, and therefore could not appear before this Court. Accordingly, on October 2, 2019, the Clerk of the Court sent a letter to Ms. Coombe advising her that she was "responsible for having a member of the Bar of this Court file an appearance in accordance with Local Civil Rule 101.1" on behalf of Plaintiff. ECF No. 4.

  Neither Plaintiff nor Plaintiff's counsel notified the Court or made any other attempt to respond to the Clerk's October 2, 2019 letter. Nor did Plaintiff appear to make any attempt to continue to prosecute this case. The case remained on the Court's docket without any activity until, on January 14, 2020, the Court, *sua sponte*, filed a Notice of Call for Dismissal Pursuant to Local Civil Rule 41.1(a). ECF No. 5. The Notice of Call for Dismissal advised the parties that, pursuant to Local Civil Rule 41.1(a), because the case

had been pending for more than 90 days without any action or proceeding taking place, it would be dismissed for lack of prosecution unless Plaintiff could show good cause for such failure to prosecute by February 3, 2020. *Id.* The Notice of Call of Dismissal was mailed both to Plaintiff's counsel and to Plaintiff directly; however, the copy mailed directly to Plaintiff was returned as undeliverable.  ECF No. 6.

Once again, Plaintiff's counsel failed to respond. Accordingly, on February 4, 2020 this Court entered its Order for Dismissal Pursuant to L. Civ. R. 41.1(a) (the "Dismissal Order") dismissing the case without prejudice for Plaintiff's failure to prosecute pursuant to Local Civil Rule 41.1(a). ECF No. 7.

On July 29, 2020, nearly six months after entry of the Dismissal Order, Plaintiff filed the instant motion seeking to reopen the case. ECF No. 8. Along with Plaintiff's motion, Plaintiff's counsel, now Martin S. Cedzidlo Esq., also of Jae Lee Law P.C., submitted a declaration (the "Cedzidlo Declaration") attempting to explain the circumstances leading up to the dismissal of the case. Mr. Cedzidlo stated that Ms. Coombe failed to bring the Notice of Call for Dismissal to his attention, and left the offices of Jae Lee Law P.C. shortly thereafter due to her pregnancy. Cedzidlo Decl. ¶ 5. Mr. Cedzidlo further explained that Ms. Coombe did not return to Jae Lee Law P.C., her cases were reassigned to other attorneys, and that Mr. Cedzidlo has personally taken over Plaintiff's representation in this case. *Id.* ¶¶ 5-6. Finally, Mr. Cedzidlo stated that upon his discovery of the dismissal of this case, he began answering interrogatories and communicating with counsel for the Defendant. *Id.* ¶ 7. Despite the delay, Plaintiff maintains that Defendant has not suffered any prejudice and good cause exists to reopen the case. *Id.*

Defendant opposes Plaintiff's attempt to reopen this case, and filed its cross-motion seeking dismissal of the Complaint with prejudice. ECF No. 9.

## II.      DISCUSSION

### A.      Plaintiff's Motion to Reinstate Complaint

The Court construes Plaintiff's motion as a motion to reopen pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b). Rule 60(b)(1) provides, in relevant part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In determining whether Plaintiff is entitled to relief from dismissal for "excusable neglect," the Court considers the totality of the circumstances, including "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993); *George Harms Constr. Co. v. Chao*, 371 F. 3d 156, 163 (3d Cir. 2004).

Upon considering the totality of the circumstances of this case, the Court finds that Plaintiff has, albeit very narrowly, shown "excusable neglect" in failing to prosecute this action. Although the length of the delay in seeking to reopen this case was unusually long

– approximately six months – there is no indication that it will have any impact on judicial proceedings. This case is in its nascent stages: Defendant has not yet answered the Complaint or otherwise filed a responsive pleading and there were no significant deadlines or scheduled appearances that resulted in a waste of judicial resources.

Importantly, the Defendant will not suffer significant prejudice as a result of the reopening of this case. Examples of prejudice include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Adams v. Tr. of the N.J. Brewery Emp. Pension Tr.,* 29 F.3d 863, 874 (3d Cir. 1994). Here, Defendant clearly had notice of, and participated in, this action, as evidenced by its removal thereof from the Superior Court of New Jersey to this Court. In addition, because the Dismissal Order dismissed this action without prejudice, Plaintiff reserved the right to refile the Complaint and place Defendant in the same litigation posture.[1] While the Court does recognize that there may be some risk of prejudice to Defendant through the passage of time, the mere invocation of that fact, without more, is insufficient. *See Manus Corp. v. NRG Energy, Inc. (In re O'Brien Envmt'l Energ Inc.)*, 188 F.3d 115, 127 (3d Cir. 1999) (finding that "prejudice is not an imagined or hypothetical harm").

Finally, there is no indication that Plaintiff has not acted in good faith. Although the delay was reasonably in the control of Plaintiff, in light of the exigent circumstances and difficulties associated with working through the COVID-19 pandemic, which Plaintiff asserts prevented the filing of the instant motion sooner, the Court finds that Plaintiff has sufficiently explained the reason for the delay in seeking to reopen this case. In addition, the Court finds Plaintiff's explanation for the delay in responding to the initial Notice of Call for Dismissal that Ms. Coombe received notice only via physical mail and left Jae Lee Law P.C. approximately one week after the Notice was mailed to be sufficient.

Accordingly, Plaintiff's motion for reinstatement of the Complaint is **GRANTED**. The Court notes, however, that further unexcused delays in the prosecution of this case will not be tolerated and may result in sanctions, including dismissal of this case with prejudice. Plaintiff is strongly encouraged to expeditiously prosecute this action and to provide the Court with updated and accurate contact information.

### B.    Defendant's Cross-Motion to Dismiss with Prejudice

Defendant filed a cross-motion seeking dismissal of the Complaint with prejudice pursuant to FRCP 41(b). Because the Court has granted Plaintiff's motion to reopen this case, Defendant's cross-motion will be denied.

However, even if the court were to reach the merits of Defendant's cross-motion, consideration of the applicable factors outlined in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984) does not establish that the Complaint should be dismissed with prejudice. *Id.* at 868. As noted above, Defendant will not be prejudiced by the reopening

---

[1] The Court makes no determination on whether any applicable statute of limitations has run.

of this case, there is no indication that Plaintiff is personally responsible for the failure to prosecute this action, and the Court has warned Plaintiff that further delays may result in the dismissal of this case with prejudice. Finally, in light of the exigent circumstances of the COVID-19 pandemic, the Court cannot conclude that Plaintiff's or Plaintiff's counsel's delay in seeking to reopen this case justifies dismissal with prejudice or demonstrates any willful or bad faith conduct. Accordingly, Defendant's cross-motion for dismissal with prejudice is **DENIED**.

### III.        CONCLUSION

For the reasons set forth above, Plaintiff's motion to reinstate the Complaint is **GRANTED**, and Defendant's cross-motion to dismiss the Complaint with prejudice is **DENIED**. An appropriate order follows.

_/s/ William J. Martini_

**WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 1, 2020**