UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSE

| | |
|---|---|
| WON SOON CHOI,<br><br>        **Plaintiff,**<br><br>v.<br><br>COSTCO WHOLESALE CORP., "JOHN DOES 1-5," and "ABC COMPANIES 1-5," (both being fictitious designations),<br><br>        **Defendants.** | Civ. No. 2:19-cv-17916 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Presently pending in this personal injury action is a motion by Defendant Costco Wholesale Corp. ("Costco" or "Defendant") for summary judgment pursuant to Fed. R. Civ. P. 56. ECF No. 49. For the reasons set forth below, Defendant's motion for summary judgment is **granted.**

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On May 23, 2018, a clear and dry day, Plaintiff Won Soon Choi ("Plaintiff") slipped and fell on an "oily substance" in the office supplies aisle in the Costco warehouse located in Teterboro, NJ. *See* Def. Statement of Material Facts Not in Dispute ("DSF"), at ¶¶ 1-2. Prior to his fall, Plaintiff did not see anything on the floor of the store, which appeared clean, neat, and free of debris and liquid. *Id.* at ¶¶ 5-6. After he fell, Plaintiff took photographs of the substance on the floor, which shows droplets as well as some streaks. *Id.* at Ex. C. Walmart's roughly 20-minute enhanced videotape footage[1] shows the slip and fall as well as about 15 minutes before and 5 minutes after the incident. *See id.* at Ex. D. The video also reveals that a Costco employee, Guy Cali, was stocking a shelf in the same aisle where the incident occurred and that 19 individuals walked through the same aisle prior to the accident, none of whom slipped, fell, or appeared to lose their footing. *Id.* at ¶¶ 12, 14. None of those patrons notified the Costco employee about any condition on the floor. *Id.* at ¶ 15. Plaintiff does not dispute that the office supplies aisle does not contain any products which could have caused the condition in this case. *Id.* at ¶ 4.

---

[1] The original video surveillance is an hour long and commences from about 15 minutes prior to the slip and fall. DSF, Ex. E.

1

According to Costco, at least two maintenance employees patrol the warehouse to search for and address any potentially hazardous conditions and employees also conduct hourly "floor-walks," which are inspections of the warehouse to ensure there are no potentially hazardous conditions on the floor. *Id.* at ¶¶ 24, 27, 29. Costco maintains that hourly floor-walk inspections were conducted on the date of the incident, *id.* at ¶ 25, although Plaintiff notes that no floor walks are visible in the one-hour original video surveillance.

Plaintiff filed this action for negligence, which Costco removed to federal court on September 12, 2019 based on diversity jurisdiction. Not. of Removal, ECF No. 1. Defendant now seeks summary judgment arguing that there are no genuine issues of material fact to show that Defendant had actual or constructive notice of the allegedly dangerous condition at issue.

## II.   DISCUSSION

### A. Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "A fact is 'material' … if its existence or nonexistence might impact the outcome of the suit under the applicable substantive law." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A dispute over a material fact is 'genuine' if 'a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." *Pignataro v. Port Auth. of New York & New Jersey*, 593 F.3d 265, 268 (3d Cir. 2010). The Court's role at the summary judgment stage "is 'not … to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Baloga v. Pittston Area Sch. Dist.*, 927 F.3d 742, 752 (3d Cir. 2019) (quoting *Anderson*, 477 U.S. at 249).

The party moving for summary judgment bears the initial burden of showing the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets its burden, the burden then shifts to the non-moving party to "come forward with specific facts showing that there is a *genuine issue for trial* and do more than simply show that there is some metaphysical doubt as to the material facts." *United States v. Donovan*, 661 F.3d 174, 185 (3d Cir. 2011) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)) (emphasis in original and internal quotation marks omitted). "[U]nsupported assertions, speculation, or conclusory allegations" are insufficient to defeat a summary judgment motion. *Longstreet v. Holy Spirit Hosp.*, 67 F. App'x 123, 126 (3d. Cir. 2003). "[T]here must be

evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

### B. Actual or Constructive Notice

Generally, under New Jersey law, "[b]usiness owners owe to invitees a duty of reasonable or due care to provide a safe environment for doing that which is within the scope of the invitation." *Nisivoccia v. Glass Gardens, Inc.*, 175 N.J. 559, 563 (2003). "The duty of due care requires a business owner to discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to avoid creating conditions that would render the premises unsafe." *Id.* To hold a business owner liable, a plaintiff ordinarily must demonstrate that "the defendant had actual or constructive knowledge of the dangerous condition that caused the accident." *Id.*

Plaintiff does not argue that Costco had *actual* knowledge of the liquid on the floor that caused his fall. To demonstrate *constructive* notice, Plaintiff must establish, *inter alia,* that the dangerous condition "existed for a sufficient length so that a reasonably diligent person would have known of the condition." *Klarman v. Pathmark Supermarket*, 2018 WL 6729704, at *3 (N.J. App. Div. Dec. 24, 2018). No clear rule exists regarding how much time constitutes a "sufficient length." *Garcia v. Walmart, Inc.*, No. 17-03118, 2021 WL 754006, at *5 (D.N.J. Feb. 26, 2021) (recognizing 45 minute benchmark, but that juries have considered less (citing *McCracken v. Target Corp.*, No. 09-4816, 2011 WL 1466075, at *3 (D.N.J. April 18, 2011) and *Yazujian v. PetSmart*, No. 13-06202, 2016 WL 4408817, at *8 (D.N.J. Aug. 16, 2016)).

Typically, "[c]onstructive notice is usually a question of fact for the jury" but summary judgment may be appropriate if "no reasonable juror could conclude otherwise." *Garcia*, 2021 WL 754006, at *5. For example, in *Schmicker v. Target*, No. 17-11628, 2020 WL 2487661 (D.N.J. May 13, 2020), the court held that "absent pure speculation, the record [was] devoid of any evidence as to how long the dangerous condition—the liquid substance on the floor—existed." *Id.* at *4. There, the store surveillance video captured 30 minutes prior to the accident, during which more than 20 people passed through the subject area without issue. Faced with such facts, the court observed:

> [N]o eyewitness can indicate how long the clear liquid remained on the floor. Notably, Plaintiff herself did not see liquid on the floor prior to her fall, and has no knowledge of when or how the condition was created. ... There is also no dispute that leading up to Plaintiff's fall, no other guest or employee walking through the same area slipped or fell. *Finally, [s]urveillance footage does not clearly capture any person spilling liquid onto the floor or any other means of how the condition was created.* See Larkin v. Super Fresh Food Markets, Inc., 291 F. App'x 483, 485 (3d Cir. 2008) ("Without evidence about when [the condition was created], a fact-finder could only speculate

3

about whether [defendant] should have discovered and corrected the problem.").

*Id.* (emphasis added). Other than the plaintiff's smeared shoeprint, the puddle that caused plaintiff's fall had no indication of "other footprints, tracks, or trails despite the heavy foot traffic through that area." *Id.* Moreover, the store employees were trained in clean up procedures and periodic inspections. Thus, the court found insufficient evidence of constructive notice and granted summary judgment for the defendant.

Similarly, here, Plaintiff did not notice any liquid on the floor prior to his fall and has no knowledge of when or how the condition was created. Pl.'s Response to DSF, at ¶¶ 5, 9, 10. The video footage does not reveal when the substance on the floor appeared or that it was caused by any of the 19 patrons who passed by the office supplies aisle without incident. No one reported anything about the floor condition to the nearby Costco employee. In short, Plaintiff has proffered *no* evidence as to how long the substance was on the floor. The "mere '[e]xistence of an alleged dangerous condition is not constructive notice of it.'" *Arroyo v. Durling Realty, LLC*, 433 N.J. Super. 238, 243 (App. Div. 2013) (citing *Sims v. City of Newark*, 244 N.J. Super. 32, 42 (Law Div.1990)). *See also e.g., Goldsack v. Wal-Mart Stores, Inc.*, No. 16-5354, 2018 WL 4300124, at *2 (D.N.J. Sept. 9, 2018) (finding lack of evidence to establish constructive notice that puddle existed for a "prolonged period" of time where plaintiff was in store 20 minutes and failed to notice any water on floor when she passed area on way *to* customer service counter and fell on way back *from* customer service counter), *aff'd sub nom. Goldsack v. Walmart Stores, Inc.*, 800 F. App'x 95 (3d Cir. 2020); *Schwing-Dzuira v. Kohl's Dep't Stores, Inc.*, 2008 WL 833757 (App. Div. March 31, 2008) (holding no constructive notice where assistant manager patrolled store half an hour earlier but plaintiff had no evidence to show how long crumbs had been on floor before plaintiff's fall).

Moreover, apart from Costco's policy to conduct hourly "floor-walk" inspections, the slip and fall occurred on a clear dry day in the office supplies aisle, which did not contain any products which could have caused the condition and has not been shown to be a high traffic area. *Compare e.g., Bezglasnaya v. Trump Entertainment Resorts, Inc.*, No. 11-564, 2013 WL 796308, at *4 (D.N.J. March 4, 2013) (denying summary judgment where jury could find that defendant's employees should have seen the dangerous condition because restaurant should have closely monitored for spilled food in area of slip and fall where patrons carried food back to their tables); *Cuzco v. Wal-Mart Stores, Inc.*, No. 17-7125, 2022 WL 4300183 (D.N.J. Sept. 19, 2022) (finding question of fact as to constructive notice of spill because fabric softener prone to spills, accident occurred in high traffic area, and video showed when spill occurred).

Nevertheless, Plaintiff maintains that Mr. Cali should have noticed the substance because he had ample opportunity to do so since he was working near it for at least 15 minutes, and because the substance was black, it was readily visible. Such contentions only assume rather than establish that the condition was present for a sufficient duration such that a reasonably diligent person should have known of it. Apart from pure speculation,

there is no basis for a jury to determine how long the substance existed on the floor prior to the fall and whether that was a sufficient length of time that Costco should reasonably have known of the condition.

## III.     CONCLUSION

For the reasons noted above, Defendant's motion for summary judgment is **granted**.

Date: December 6th, 2022

WILLIAM J. MARTINI, U.S.D.J.

5